## ALBRIGHT and others *v.* OYSTER and others.[1]

*(Circuit Court, E. D. Missouri. December, 1884.)*

TRUSTS—ADMINISTRATORS—JUDGMENTS—EVIDENCE.

　　A. died testate, leaving his property, some of which was situated in Missouri and some in Pennsylvania, to his children, B., C., D., and E. Letters of administration were taken out upon his estate in Missouri by B.; in Pennsylvania, by C. The devisees agreed to depart from the plan of division contained in their father's will, and B. put the real property situated in Missouri up at public sale, under an agreement with the other devisees that certain ;specified tracts, and such other tracts as it should be deemed advisable to bid in, should be bid in, and subsequently appraised and divided between said ·devisees. In the execution of this plan a certain tract fell to B.'s share, and was conveyed by him to D. in trust for B.'s children, by an absolute deed, but under an oral agreement that it should be held in trust. B. then took posses- ;sion for his children, who were minors. He was then indebted to the estate. Later, D. conveyed said tract to C., who brought suit in ejectment against B., and recovered judgment. A judgment has been rendered against B. in favor of A.'s estate in a probate court of Missouri, which, upon appeal, was reduced, but which has been taken to the supreme court of Missouri by a writ of error, .and is now pending there. Complainants claim that C. has been allowed an improper credit in a settlement made by him in an orphans' court of Pennsylvania. Because of the questions as to said judgments, it is uncertain whether the interest of B. in A.'s estate, after deducting the amount he owes the estate, is or is not equal to the value of the land conveyed in trust for his chil- ·dren. In a suit to restrain the issuing of an execution upon the judgment in said ejectment suit, and to obtain a decree ordering C. to convey said land to said children, *held,* (1) that this court cannot go behind or review said probate judgments ; (2) that, neither the judgment of the probate court nor that of the circuit court against B. are admissible in evidence; (3) that said convey- · ance to D. was charged with trusts for the final settlement of A.'s estate, and that C. holds said land subject thereto ; (4) that inasmuch as the amount of B.'s interest in A.'s estate cannot be ascertained under the evidence, no relief can be granted in this suit.

In Equity.[2]

The facts in this case, so far as they need be here stated, are sub- ·stantially as follows: Abraham Oyster died testate in 1862, leaving four children, Margaret, Simon K., George, and David K., who were his only devisees. Letters of administration upon their father's estate were taken out in Missouri by David K. and in Pennsylvania by George. The provisions of Abraham Oyster's will created dissatis- -faction, and a different plan of division from that contained in the will was agreed upon among the children. Among other things it was agreed that certain lands in Missouri should be put up at public sale, and that certain tracts, and such other tracts as it should be found advisable to keep, should be bid in and subsequently appraised .and divided between the parties without any payment of the amounts bid. This was done, and the lands in question here fell to David K., who, with the oral consent, as claimed, of the other parties in interest,

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.
[2] For a report of opinion on demurrers and plea to the bill and exceptions to the .answer see 19 FED. REP. 849.

conveyed them, as administrator, to Simon K. Oyster by a deed absolute on its face, but under an oral agreement that the property should be held in trust for David K.'s children. David K. then went into possession of the property and has since held possession for his children, who were minors. Thereafter, the lands conveyed to Simon K. in trust were conveyed by him to George Oyster, who, ignoring the alleged rights of David K.'s children, brought suit in ejectment against David K. for possession, and recovered judgment. This suit is to obtain an injunction restraining the issuance of an execution upon said judgment, and for a decree requiring George Oyster to transfer his interest in said land to the children of David K. The defendants claim that said land was held by the original trustee subject to an accounting, and that David K.'s interest in his father's estate is not as great, after deducting what he owes the estate, as the appraised value of said land, and that for that reason he is not entitled to the relief sought. To substantiate the latter proposition the defendants offered in evidence a judgment of a probate court of Missouri against David K., and in favor of said estate, for about $6,000. Complainants objected to its admission on the ground that the judgment had been reduced $2,500 on appeal from the probate to the circuit court, and offered to prove this by a copy of the judgment. It appeared, however, that the matter had been taken to the supreme court by writ of error and is now pending there, and the court refused to go into the matter at all. Evidence was offered on the part of complainants tending to prove that the orphans' court of Pennsylvania had allowed George Oyster, the Pennsylvania administrator, an improper credit.

*George H. Shields* and *James Carr*, for complainants.

*Dryden & Dryden*, for defendants.

TREAT, J. This case has been fully heard on the merits. While the theory of the bill was quite narrow in its scope, the court intimated that under the general prayer, if adequate *data* were before it, the whole controversy, which has been protracted through years, might be finally determined. To that end a large amount of evidence was received and considered; but the respective parties, by technical and other objections, well founded under the rules of evidence, have prevented the court from reaching such a result. Nothing, therefore, remains but to determine, under the evidence, the questions presented by the pleadings. The property conveyed by David K. Oyster, administrator, with the will annexed, to Simon K. Oyster, and by the latter to George Oyster, stands, as among the respective legatees, subject to the final outcome of the decedent's estate. Many interesting questions were suggested by the respective counsel concerning the will of Abraham Oyster, dated in 1862, and a subsequent contract in 1868, between respective legatees, to which latter contract the children of David K. Oyster were not parties. As to that legal question the case of *Nichols* v. *Eaton*, 91 U. S. 716, is instructive. The parties, however, before the court were willing to waive that in-

quiry; yet it is doubtful whether such waiver would be permissible as against infant parties.

It is charged in the bill that the property in question was bid off at the sale in 1869, by Simon K. Oyster, with full understanding among the parties, for the benefit of David K. Oyster's children. Under the agreement of 1868, a portion of the property conveyed to Simon K. Oyster was set apart to David K., and therefore exempt from further adjustments of the estate. Why was that portion included in the deed to Simon K.? The evidence with respect thereto is very unsatisfactory. It appears that David K. Oyster, as administrator, was in arrears, and therefore, in purchasing property at the sale of 1869, and in taking under the contract of 1868, necessarily took the same subject to a further accounting among the parties. Whatever property was bought at said sale, if bought for the children, was subject to an accounting for the purchase money therefor. They could not, by any contrivance such as is suggested in the bill, deplete the estate, for their own private benefit, regardless of the rights of other legatees. Hence they would stand in no better condition as to the purchase money than would David K., or any of the other legatees. It is sufficiently demonstrated by the evidence that the property conveyed to Simon K. by David K., whether for the benefit of David K. or his children, still remains subject to the demands of defendants for their portion of the purchase money.

As heretofore stated, the technical objections prevent a detailed and accurate adjustment of the accounts between all parties to these proceedings. It seems that after a long dispute among themselves—nothing unusual among beneficiaries of an estate—the effort is now made to charge the deed to Simon K., and his subsequent conveyance to George, with a trust for the benefit of David K.'s children, on the theory—*First*, that all of said property, with the consent of said David K. and the several legatees, was to be vested in said Simon K. for said children; *second*, that all of the consideration therefor had been fully paid by said David K., and therefore no sum by way of purchase money therefor was due to the other legatees. Said theory is not sustained by the evidence as to either one of said points. The deed from Simon K. to George is charged with trusts for the final settlement of the estate. Why, then, should he not proceed to execute the trust thus devolved upon him? The plaintiffs say that the property conveyed to him belongs to them, discharged of said trust, because the same had been fully paid for by David K. The evidence shows otherwise, viz., that David K. is in arrears to the estate in a large sum, not ascertainable under the evidence before the court. When George, under the administration of his trust, comes to a settlement thereof, if the parties are not satisfied therewith they can pursue him in some future proceeding.

As to the probate settlement of George, in Pennsylvania, and David K., in Missouri, this court cannot, in the case presented, go behind

the judgments of those tribunals; and yet the review of those judgments may, possibly, be needed for a just accounting between the parties. It is therefore ordered, adjudged, and decreed that the bill be dismissed, with costs, without prejudice to any rights that the parties may have in the final administration of the trust devolved on George Oyster by the deed from Simon K. Oyster, dated February 10, 1881, and the contract of March 3, 1868, executed by George Oyster, D. K. Oyster, M. Oyster, Charles Oyster, and Margaret Oyster.